38958, 38959. ABERCROMBIE et al. v. SHADDIX et al.; and vice versa.

JORDAN, Chief Justice.

The probate judge of Douglas County, joined by certain Douglas County residents who were permitted to intervene in this action, appeal from entry by the Douglas County Superior Court of mandamus absolute determining that a petition to call a liquor election was sufficient and directing the probate judge to call the election.

The probate judge had declined to call the election, finding for two reasons that the number of petitioners was insufficient under his construction of Code Ann. § 5A-2303 (a). The superior court in

granting mandamus absolute disagreed with the probate judge on both grounds. The appellants correctly assert that for purposes of the appeal (case no. 38958) this court's disagreement with the superior court on either ground will require reversal of the judgment of mandamus absolute. The appellees correctly assert that if this court reverses the superior court on the appeal then the issue on the cross-appeal (case no. 38959) must be faced and decided.

We are of the opinion that the probate judge correctly applied Code Ann. § 5A-2303 (a) by excluding from his count of names on the petition to call the election those voters whose names appeared upon the voter registration list on the date of the last general election but had been stricken from that list under Code Ann. § 34-620 (for failure to vote) between the date of the last general election and the date of the filing of the petition to call the election and thus were no longer "registered voters" of the County. Accordingly, we reverse the judgment of the superior court (case no. 38958) which required the probate judge to call an election.

We further hold that voters whose names appeared on the voter registration list on the date of the last general election were "qualified" to vote in that general election within the meaning of Code Ann. §§ 5A-2303 (a) and 34-620. Accordingly, we affirm the judgment of the superior court on the cross-appeal (case no. 38959).

1. The first issue presented by the appeal (case no. 38958) is the proper construction of Code Ann. § 5A-2303 (a) in light of the wording of former Code Ann. § 58-1003. The former section explicitly required the petitioners to have been "qualified to vote at the general election immediately preceding the presentation of the petition" whereas the current section refers to a petition signed by "registered voters," leaving open to judicial construction the question of *when* registered. On the date of the filing of the petition? Or on the date of the last general election immediately preceding the filing of the petition?

The question is answered by the concluding sentence of the new subsection as follows: "For purposes of this subsection, the *number* of registered voters of a political subdivision shall be the *number* of voters qualified to vote at the general election immediately preceding the filing of the petition." The probate judge and the superior court both correctly looked to the date of the last general election for a determination of the *number* of voters thirty-five percent of whom must have signed the petition to call the liquor election. But the Superior Court improperly looked to that date to determine the *qualification* of voters to be counted as petitioners to call the election because the General Assembly deleted that requirement when Code Ann. § 58-1003 was supplanted by Code Ann. § 5A-2303 (a). The

intent of the General Assembly as reflected by that change was that a voter could not be a petitioner for a liquor election if his name had been stricken from the voter registration list between the date of the last general election and the date of filing of the petition to call the election by application of Code Ann. § 34-620. The obvious purpose was to exclude as petitioners those persons who could not vote in the election being sought by the petition by virtue of their names having been stricken from the voter registration list under Code Ann. § 34-620 for failure to vote. Were the rule otherwise, persons could be counted to validate the petition who could not vote in the election sought to be called.

We need not reach the second ground for deleting the names of certain petitioners considered by the probate judge and the superior court because, as aforesaid, the effect of the foregoing ruling is to reverse the judgment of the superior court on the appeal.

2. We now reach the issue raised by the cross-appeal, which concerns whether or not certain persons whose names had not been stricken from the voter registration list as of the date of the last general election automatically were not "qualified" as voters within the meaning of Code Ann. §§ 5A-2303 (a) and 34-620 as of the date of the last general election or whether, instead, they remained "qualified" within the meaning of those sections until their names actually were stricken from the list between the date of the last general election and the date of filing of the petition to call the election. We adopt the latter construction because the former construction could result in persons who voted in the last general election being considered after that fact to have been disqualified to cast their votes. We conclude that the General Assembly intended for voters whose status is affected by Code Ann. § 34-620 to remain "qualified" within the meaning of Code Ann. § 5A-2303 (a) until their names actually are deleted from the voter registration list. We accordingly affirm the judgment of the superior court on the cross-appeal.

*Judgment reversed in case no. 38958; affirmed in case no. 38959. All the Justices concur.*

DECIDED OCTOBER 19, 1982 —
REHEARING DENIED NOVEMBER 10, 1982 IN CASE NO. 38959.

*Alston, Miller & Gaines, G. Conley Ingram, Nill V. Toulme,* for appellants.

*Hartley, Rowe & Fowler, Joseph H. Fowler, Martha Mullins,* for appellees.

*Vernon W. Duncan, J. Ben Spears, Jr., Calvin M. Simpson,*

*Harry Johnson, Jr.,* amicus curiae.